[983 NYS2d 868]

In the Matter of EDUARD FRIDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 30, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In or about August 2013, a superior court information was filed by the New York State Office of the Attorney General in the Supreme Court, New York County, charging the respondent with material misrepresentation while promoting the sale of securities, in violation of section 352-c (6) of the General Business Law. The information alleged that the respondent, in the County of New York and elsewhere, on or about July 5, 2011, committed a fraudulent act as defined by section 352-c of the General Business Law and related Penal Law sections by creating a false letter purporting to have been issued by the New York State Office of the Attorney General, which was required in order to sell condominiums and, as a result, received property in excess of $250.

On August 20, 2013, upon his plea of guilty before Justice Melissa Jackson, in the Supreme Court, New York County, the respondent was convicted of violating General Business Law § 352-c (6), a class E felony.

On October 7, 2013, the respondent was sentenced to a period of five years of probation.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney "upon [his] conviction" of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of August 20, 2013.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Eduard Fridman, is disbarred, effective August 20, 2013, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Eduard Fridman, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Eduard Fridman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Eduard Fridman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).